CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 14 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS J. DODSON, JR., )<br>    Petitioner, )<br>)<br>v. )<br>)<br>TERRY O'BRIAN, WARDEN, )<br>    Respondent. ) | Civil Action No. 7:06cv00105<br><br>**MEMORANDUM OPINION**<br><br>By: Samuel G. Wilson<br>United States District Judge |

Petitioner Douglas J. Dodson, Jr., a federal inmate proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241. Dodson was convicted in the Eastern District of Virginia of conspiracy to distribute heroin and cocaine base, possession with intent to distribute a controlled substance, use of a firearm in a drug trafficking offense, and possession of a firearm by a convicted felon. The court sentenced him to life in prison. Dodson now alleges that his sentence is unconstitutional under United States v. Booker, 125 S.Ct. 738 (2005). This is not the first time Dodson has raised his Booker claim: he also raised the claim as part of a nearly identical § 2241 petition filed in January 2006. The court dismissed that petition, explaining that a § 2241 petition was not the appropriate vehicle to challenge the imposition of a sentence when, as is the case here, a petition pursuant to 28 U.S.C. § 2255 would be neither inadequate nor ineffective at addressing the petitioner's claim. The court advised Dodson on the proper procedure for appealing that decision, and denied Dodson's two motions for reconsideration. Though there are slight variations in wording and though Dodson has named the new warden as respondent, Dodson's current § 2241 petition is essentially nothing more than a restatement of Dodson's previously adjudicated petition,[1]

---

[1] Moreover, to the extent, if any, that Dodson has raised a new or different claim regarding the imposition of his sentence in his current petition, a petition pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241, is the appropriate vehicle for challenging the imposition of a sentence, see U.S. v. Little, 392 F.3d 671, (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241."), unless a petition pursuant to 28 U.S.C. § 2255 is "inadequate and ineffective" for that purpose. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

and the court will not adjudicate it again.[2] Accordingly, the court dismisses Dodson's petition.

**ENTER:** This 14th day of February, 2006.

                                                                                  UNITED STATES DISTRICT JUDGE

---

[2]Dodson is reminded that he has 60 days from January 26, 2006, the day the court dismissed his first § 2241 petition, to file a notice of appeal challenging the court's dismissal of that petition. See Fed. R. App. P. 3 and 4.

2